The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, AR 72653
Dear Representative Gilbert:
This is in response to your request for an opinion regarding Act 1110 of 1991, the "Disbursement of Funds as Part of Real Estate Closing and Settlement Services Act," to be codified at A.C.A. §18-12-701 to -703. Your question concerns § 18-12-703(a) wherein it states in part that:
 [n]o person, firm, partnership, corporation or other entity that provides closing and settlement services for a real estate transaction shall disburse funds as a part of such services until those funds have been received and are available for immediate withdrawal as a matter of right from the financial institution in which the funds have been deposited.
Your specific question in this regard is as follows:
 If an abstract company provides the closing and settlement services and a real estate agent brings in the earnest money on the day of the closing, then what form must the earnest money be in for the abstract company to immediately disburse funds? Would a certified check be necessary?
A review of Act 1110 indicates that as to any item or draft, disbursement cannot occur until the item or draft has been received by the entity providing closing and settlement services and submitted for collection and payment received. A.C.A. §§18-12-703(a) and 18-12-702(3)(A). As to any deposited item or draft, "final settlement" must have occurred before funds may be disbursed. A.C.A. § 18-12-702(3)(B). These requirements appear under the definition of "available for immediate withdrawal as a matter of right." A.C.A. § 18-12-702(3). This phrase means:
 (A) for any item or draft, when the item or draft has been submitted for collection and payment received;
 (B) for any deposited item or draft, when final settlement has occurred.
Id. Thus, in response to your specific question, where the agent brings in the earnest money on the day of closing, we are constrained to conclude that cash would be the only form that would clearly support an immediate disbursement of funds. A certified check would not, it seems, alone satisfy the requirements of Act 1110. This conclusion is based upon the requirement that the item or draft must have been submitted for collection and payment received; or as to any deposited item or draft, final settlement must have occurred. Although certification of a check is acceptance, that is, the drawee's signed engagement to honor the draft as presented (see A.C.A. §§4-3-410 and 4-3-411), Act 1110 requires that the item, following receipt by the abstract company, either be submitted for collection or deposited. It must be concluded, based upon the facts presented, that neither one of these events has occurred.
With regard to a determination as to whether "final settlement" has occurred in connection with a deposited item or draft, it is my opinion that reference may reasonably be made to the Uniform Commercial Code, Title 4, Subtitle 1 of the Arkansas Code of 1987 Annotated. See A.C.A. § 4-4-101 et seq. (Uniform Commercial Code — Bank Deposits and Collections), and particularly A.C.A. §4-4-213 (final payment of items by payor bank).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh